UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GALLO,<br><br>    Plaintiff,<br><br>    v.<br><br>LANTHEUS MEDICAL IMAGING, INC.,<br><br>    Defendant. | No. 2:24-cv-03391-TLN-SCR<br><br>**ORDER** |

       This matter is before the Court on Defendant Lantheus Medical Imaging, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 6.) Plaintiff Peter Gallo ("Plaintiff") filed an opposition. (ECF No. 7.) Defendant filed a reply. (ECF No. 10.) For the reasons set forth below, Defendant's motion is GRANTED.

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises out of Defendant's alleged violation of the California Fair Employment and Housing Act ("FEHA") for its failure to accommodate Plaintiff's religion by refusing to grant him an exemption from the COVID-19 vaccination requirement and terminating his employment. (*See* ECF No. 1-2 at 8–13.) Plaintiff started working for Defendant around November 29, 2010 as a Senior Cardiovascular Imaging Specialist, performed his job well throughout his lengthy career, and received several performance-based pay raises. (*Id.* at 9.) Plaintiff alleges that on October 4, 2021, he applied for a religious accommodation or exemption from the requirement to be vaccinated against COVID-19, and in response, Defendant sent Plaintiff a questionnaire to further inquire into the religious basis for his accommodation request. (*Id.* at 9–10.) Plaintiff further alleges he returned the questionnaire on October 11, 2021, and around October 31, 2021, Defendant informed Plaintiff that his request was denied and no other accommodation was offered. (*Id.* at 10.) On November 1, 2021, Plaintiff then went on short-term disability in connection with a medical condition. (*Id.*) Plaintiff alleges that on January 26, 2022, he was terminated due to his failure to comply with Defendant's vaccination policy. (*Id.*)

Plaintiff filed the instant action in Placer County Superior Court on November 18, 2024, alleging the following claims: (1) failure to provide reasonable accommodations in violation of FEHA; (2) retaliation in violation of FEHA; and (3) wrongful termination in violation of FEHA and public policy. (*Id.* at 8–13.) Defendant removed the action to this Court on December 5, 2024. (ECF No. 1.) Defendant filed the instant motion to dismiss on December 6, 2024. (ECF No. 6.)

### II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon

2

which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to

1  draw on its judicial experience and common sense." *Id.* at 679.

2  In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits

3  thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 or

4  incorporated by reference. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.

5  1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

6  1998); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

7  If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

8  amend even if no request to amend the pleading was made, unless it determines that the pleading

9  could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

10  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

11  *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

12  denying leave to amend when amendment would be futile). Although a district court should

13  freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

14  deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."

15  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

16  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

17  **III.   ANALYSIS**

18  Defendant argues Plaintiff's Fair Employment and Housing Act ("FEHA") claims (Claims

19  One and Two) and wrongful termination in violation of public policy claim (Claim Three) are

20  time-barred. (ECF No. 6-1.) The Court will consider these claims in turn, after addressing the

21  parties' requests for judicial notice.

22  A.   Requests for Judicial Notice

23  Defendant requests judicial notice of: (1) Exhibit A, Plaintiff's first charge of

24  discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC") and

25  dually filed with the California Civil Rights Department ("CRD"), dated January 25, 2022; (2)

26  Exhibit B, the "Notice to Complainant and Respondent" and the right-to-sue notice from CRD;

27  and (3) Exhibit C, the "Determination of Charge" and right-to-sue notice from EEOC dated

28  December 20, 2022. (ECF No. 6-3 at 2.) Plaintiff has not opposed this request. Courts have

found EEOC forms appropriate for judicial notice. *Adetuyi v. City & Cnty. of San Francisco*, 63 F. Supp. 3d 1073, 1080–81 (N.D. Cal. 2014) (granting defendant's request to take judicial notice of plaintiff's EEOC intake questionnaire and Department of Fair Employment and Housing ("DFEH") charge, the EEOC and DFEH letters indicating receipt of the questionnaire and charge, and the DFEH right-to-sue letter); *see also Nkwuo v. Santa Clara Cnty. Hum. Res.*, No. 16-cv-06741-BLF, 2017 WL 3605229, at *3 (N.D. Cal. Aug. 21, 2017) (granting judicial notice of plaintiff's EEOC charge and defendant's response). Accordingly, Defendant's request for judicial notice of Exhibits A, B, and C is GRANTED.

Plaintiff requests judicial notice of Exhibit A, an order from *Ledezma v. Optum Services, Inc.*, No. 23-cv-06691-VC (N.D. Cal. May 21, 2024). Defendant has not opposed this request. The Court may take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court may also take judicial notice of proceedings in other courts if they have "a direct relation to the matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992). Accordingly, Plaintiff's request for judicial notice of Exhibit A is GRANTED.

B.   FEHA Claims (Claims One and Two)

Prior to filing a civil lawsuit under the FEHA, a plaintiff must file an administrative complaint with the CRD[1] and obtain a right-to-sue notice. Cal. Gov't Code §§ 1960, 12965(c)(1)(C). A plaintiff must file a civil lawsuit within one year of obtaining the right-to-sue notice. *Id.* § 12965(c)(1)(C). Where an administrative complaint is timely filed concurrently with the EEOC and CRD, the aforementioned one-year statute of limitations (commencing from the date of CRD's right-to-sue notice) shall be tolled. *Id.* § 12965(e)(1). Once an administrative complaint is referred for investigation by the EEOC, the agency "must issue a right-to-sue notice if it has not taken action by 180 days after the referral" and a plaintiff "then has 90 days from

---

[1] CRD was previously known as the California Department of Fair Employment of Housing, or DFEH. All references to DFEH in this order have been changed to CRD for ease of reading and consistency.

5

receipt of that notice to file a civil lawsuit." *McCullough v. Xerox Corp.*, No. 13-cv-04596-HSG, 2015 WL 5769620, at *7 (N.D. Cal. Oct. 2, 2015).  A plaintiff's time to file a lawsuit "expires when the federal right-to-sue period to commence a civil action expires, or one year from the date of the right-to-sue notice by [CRD], whichever is later." Cal. Gov't Code § 12965(e)(2).

Defendant notes Plaintiff filed his charge of discrimination with the EEOC on January 25, 2022 (which was dually filed with CRD), CRD deferred its investigation to the EEOC and immediately issued a right-to-sue notice, and then the EEOC advised Plaintiff in a "Determination of Charge" on December 20, 2022, that his "lawsuit must be filed within 90 days of [his] receipt of notice." (ECF No. 6-1 at 11 (citing ECF No. 6-3 at 18).)  Defendant argues the 90-day period from the EEOC's right-to-sue notice expired on March 20, 2023, but Plaintiff did not file the instant action until November 18, 2024, nearly 20 months after the statute of limitations period expired.  (*Id.*)  Defendant further argues Plaintiff's newly-filed CRD complaint does not "revive" expired claims, as the facts in this case are analogous to *Collins v. Wal-Mart Stores, Inc.*, No. 3:23-cv-01368-RBM-DEB, 2024 WL 56993 (S.D. Cal. Jan. 4, 2024).  (*Id.* at 11.)  Defendant notes that in *Collins*, the district court rejected the plaintiff's argument that a "second right-to-sue notice effectively reinstates the one-year period to file a civil lawsuit, thereby rendering [the] plaintiff's complaint as timely." (*Id.* at 11–12.)

In opposition, Plaintiff argues the EEOC right-to-sue notice satisfies the requirement of administrative exhaustion "only for purposes of an action based on Title VII" and Plaintiff only mentioned Title VII claims in his first EEOC charge, not any FEHA state claims.  (ECF No. 7 at 3–4 (citing *Ledezma v. Optum Services, Inc.*, No. 3:23-cv-06691-VC; ECF No. 8 at 5–6).)  Plaintiff maintains he filed a subsequent charge of discrimination based on violations of state claims that were never brought before EEOC or CRD and obtained the right-to-sue notice within three years of the most recent discriminatory conduct.  (*Id.*)

In reply, Defendant maintains Plaintiff's argument is unavailing because he ignores the work-sharing agreement between the EEOC and CRD, which "allows both agencies to integrate their procedures to reduce duplication of effort by allowing the CRD to cede to the EEOC the investigation of 'identical facts and charges,' based on their share[d] common goals and

6

1    jurisdiction." (ECF No. 10 at 3–4 (citing *Downs v. Dep't of Water & Power*, 58 Cal. App. 1093,
2    1097 (1997)).)

3    The Court finds Plaintiff's claims are time-barred.  First, "the procedures and remedies of
4    Title VII and the [FEHA] are wholly integrated and related," and therefore "[t]he state agency
5    defer[s] the investigation and processing of [the employee's] claims to the EEOC."  *Downs*, 58
6    Cal. App. at 1101–02 (internal citation omitted).  The California Legislature codified the holding
7    of *Downs* in California Government Code § 12965(e)(2) ("§ 12965(e)(2)"), which as previously
8    stated, provides that Plaintiff may file a lawsuit alleging FEHA violations until "the federal right-
9    to-sue period to commence a civil action expires, or one year from the date of the right-to-sue
10   notice by [CRD], whichever is later."  In the instant matter, the parties do not dispute that CRD
11   ceded its investigation to the EEOC.  Therefore, the later of the two dates in § 12965(e)(2) was
12   the close of the 90-day period from the EEOC's right-to-sue notice, which was issued on
13   December 20, 2022.  Defendant is therefore correct the 90-day period and the statute of
14   limitations expired on March 20, 2023.  Because Plaintiff did not file the instant action until
15   November 18, 2024, the instant action is untimely.

16   The Court finds Plaintiff's second-filed CRD complaint does not revive any of his expired
17   FEHA claims.  Plaintiff's reliance on *Ledezma* is unpersuasive. (ECF No. 7 at 4.)  In *Ledezma*, it
18   appears plaintiff received right-to-sue notices both from the EEOC and from CRD. (ECF No. 8 at
19   5.)  The court concluded the Title VII claim was barred by the statute of limitations because
20   plaintiff waited more than 90 days from the EEOC notice to file her suit, but the FEHA claim was
21   timely because she filed suit within one-year of receiving the CRD notice.  (*Id.*)  The court did
22   not provide background facts regarding which agency completed the investigation and only
23   provided a date for plaintiff's EEOC notice.  (*Id.*)  The court did not provide a date for plaintiff's
24   CRD notice.  (*Id.*)  Accordingly, this Court cannot ascertain exactly how § 12965(e)(2) was
25   applied in *Ledezma*, if at all, as there is no reference at all to § 12965(e)(2) and only scant
26   analysis on the application of the statute of limitations.  Plaintiff's citation to *Martin v. Lockheed
27   Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1726 (1994) for the proposition that an EEOC
28   right-to-sue notice satisfies administrative exhaustion for only Title VII claims is similarly

1 unpersuasive. (ECF No. 7 at 3.) *Martin* was decided prior to *Downs*, in which the California

2 Court of Appeal implicitly disagreed with that proposition and held that:

> [W]hen a charge of discrimination or harassment is timely filed concurrently with the EEOC and [CRD], the investigation of the charge is deferred by [CRD] to the EEOC under a worksharing agreement, and [CRD] issues a right-to-sue letter upon deferral, then the one-year period to bring a FEHA action is equitably tolled during the pendency of the EEOC investigation until a right-to-sue letter from the EEOC is received.

*Downs*, 58 Cal. App. 4th at 1102.

Further, the Court finds *Collins* persuasive. In *Collins*, plaintiff filed a FEHA complaint with the CRD and was issued a right-to-sue notice on March 12, 2021, which started the one-year period to file a civil action by March 12, 2022. 2024 WL 56993, at *5. On April 13, 2023 — 13 months after the statute of limitations period had run — plaintiff filed a similar charge against the same respondent, obtained another right-to-sue notice, and filed a civil action on June 16, 2023. *Id.* Although plaintiff attempted to argue that the continuing violations doctrine applied because the harassment was "continuous and ongoing," the district court disagreed and held that "while the continuing violations doctrine is an equitable exception to the three-year statutory period set forth in California Government Code [§] 12960(e)(5), it is inapplicable to save claims that were already the subject of a right-to-sue letter and are now subject to the one-year statutory period to file suit." *Id.* at *6. Similarly, here, Plaintiff does not dispute that his second-filed charge of discrimination concerns the exact same subject matter and investigation of "identical facts and charges" of Plaintiff's first charge of discrimination and EEOC right-to-sue notice. *See id.*; *see also Downs*, 58 Cal. App. 4th at 1097. Accordingly, the second-filed notice does not save Plaintiff's FEHA claims.

Because the Court finds Plaintiff's FEHA claims are time-barred, Plaintiff's "pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Accordingly, Defendant's motion to dismiss Claims One and Two is GRANTED without leave to amend.

///

///

8

C. <u>Wrongful Termination in Violation of Public Policy (Claim Three)</u>

Defendant argues Plaintiff's FEHA claims are time-barred and serve as the sole predicate of the "public policy" Defendant allegedly violated in terminating Plaintiff's employment. (ECF No. 6-1 at 13.) Defendant further argues that aside from the FEHA, Plaintiff does not allege what fundamental policy was violated by his termination. (*Id.*) Defendant contends, therefore, that Plaintiff's wrongful termination claim is derivative of his FEHA statutory violation claims and falls with the FEHA claims. (*Id.* at 13–14.) Plaintiff does not address this argument in his opposition. (*See* ECF No. 7.) Consequently, Plaintiff concedes this argument. *See Crandall v. Teamsters Loc. No. 150*, No. 2:23-CV-03043-KJM-CSK, 2024 WL 3889916, at *5 (E.D. Cal. Aug. 20, 2024) (finding plaintiff abandoned claims not raised in opposition to defendants' motion to dismiss). Accordingly, Defendant's motion to dismiss Claim Three is GRANTED without leave to amend.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss without leave to amend. (ECF No. 6.) The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Date: April 17, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE